The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. NACCO Materials Handling Group, Inc. was a self-insured employer.
4. Plaintiff's average weekly wage was $518.78.
5. The date of injury was January 13, 1995.
6. Plaintiff was out of work from January 14 through April 17, 1995.
7. Plaintiff received his full pay through February 26, 1995 and received fifty percent of his pay from February 27 through April 17, 1995.
In addition, the parties stipulated into evidence seven pages of medical records and reports.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of January 1995, plaintiff had been employed for over six years by defendant, a company which manufactured fork lifts, hand trucks, and tow motors. His job was fork lift operator and his duties involved providing necessary parts for one of the production lines.
2. For approximately seven years before the injury in question, there had been a basketball league comprised of teams from different departments within the company which played against each other. The league was initially started by Fred Smith, one of the company's employees who was not in management. After the first year, he was able to convince the company to contribute money to help pay for the use of the gymnasium, for referees and for the expense of the janitor to lock the building after the games. The league was only open to the company's employees who would sign up before the season started. Defendant did not require any employees to participate and did not pay those that did any wages for the time they were playing basketball. The employees on the teams had to buy their own uniforms. The games were played at a local school during non-working hours.
3. In January 1995 plaintiff was playing on one of the league teams as he had done in previous years. In fact, during his employment he had become increasingly active in the league to the point that he provided assistance to Mr. Smith regarding some of the administrative details involved.
4. On January 13, 1995 as he was playing a basketball game with other employees from the plant, plaintiff jumped up to get a rebound and landed on his left foot in such a way that he injured his left ankle and knee. The swelling in his ankle resolved without treatment, but he continued to experience significant pain and swelling in his knee. Consequently, on the following Monday he saw Dr. Austin at the family practice clinic who referred him to Dr. Barsanti, an orthopedic surgeon. Dr. Barsanti ordered an MRI of his knee which apparently revealed an injury to his anterior cruciate ligament. After a period of physical therapy, Dr. Barsanti performed arthroscopic surgery to the knee and it then improved. He continued to follow plaintiff's progress until October 15, 1995 when he released plaintiff from medical care.
5. At the time of this injury, plaintiff was not on defendant's premises, was not being paid wages and was participating in the basketball league on a voluntary basis. There was no significant benefit to the company from the basketball league outside of employee morale and fitness considerations. Consequently, plaintiff's injury did not occur while he was in the course of his employment and did not arise out of risks associated with his employment.
6. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant on January 13, 1995.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In that the basketball league in question was started by the employees, was voluntary and was not part of a company sponsored recreation program, and in that it was being played away from defendant's premises during non-working hours with the only benefit to the company being morale and employee efficiency, the recreational activity was not within the course of their employment. 1A Larson, Workmen's Compensation Law § 22.24 and § 22.30.
2. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on January 13, 1995. G.S. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. This claim must, under the law, be and it is hereby denied.
2. Each side shall pay its own costs for this appeal.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER